# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio C. Garate, | )<br>) CV 05-3014 PHX NVW (JM) |
| Petitioner, | ) |
| v. | )<br>) **REPORT AND** |
| Dora B. Schriro, et al., | ) **RECOMMENDATION** |
| Respondents. | ) |

Petitioner, presently incarcerated in the Arizona State Prison Complex at Douglas, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 30, 2005 [Docket No. 1] challenging his 1999 state felony convictions. On September 14, 2006, Respondents filed their Response [Docket No. 14]. Petitioner has not filed a Reply. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition in its entirety because it was untimely filed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted after a jury trial of two counts of manslaughter, two counts of child abuse, and two counts of aggravated driving under the influence of a drug while a child under fifteen years of age is in the vehicle. (Exhibit 1).[1] On May 31, 2000, the trial

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Response to Petition for Writ of Habeas Corpus.

1  court sentenced Petitioner to concurrent, aggravated terms, the longest of which is 10 years.
2  (Exhibit 2, pp. 33-34).

3        Petitioner appealed his convictions to the Arizona Court of Appeals raising three
4  claims. (Exhibit 1). He asserted that the trial court had allowed inadmissible testimony by
5  the State's toxicology expert, that the trial court erred in denying his motion for a new trial
6  based on prosecutorial misconduct, and that his conviction should be reversed because the
7  trial court improperly admitted graphic testimony. (*Id*.). Finding no reversible error, the
8  Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision
9  filed December 18, 2001. (*Id*.).

10       On January 31, 2002, the Court of Appeals issued its Order and Mandate after the time
11  for the filing of a motion for reconsideration or petition for review, neither of which were
12  filed, had expired. (Petitioner's Exhibit C). The Court of Appeals subsequently granted
13  Petitioner's request for an extension of time to file a petition for review, extending the
14  deadline to April 11, 2002. (Exhibit 3). Petitioner did not meet the deadline and the Order
15  and Mandate was reissued on April 30, 2002. (Exhibit 4).

16       Petitioner filed a Petition for Post-Conviction Relief on July 26, 2004, with the La Paz
17  County Superior Court. (Exhibit 5). The trial court noted that the petition asserted newly
18  discovered evidence and a significant change in the law and construed the petition as raising
19  a claim for relief under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New*
20  *Jersey*, 530 U.S. 466 (2000). (Petitioner's Exhibit D). The court found the PCR petition
21  presumptively untimely and that Petitioner was not entitled to any relief. (*Id*.) Petitioner
22  sought review by the Arizona Court of Appeals and, by Order filed August 11, 2005, review
23  was summarily denied. (Petitioner's Exhibit E).

24       On September 30, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this
25  Court. (Docket No. 1). Petitioner raises four grounds for relief: (1) Petitioner's Fifth, Sixth
26  and Fourteenth Amendment rights were violated when he was not found guilty beyond a
27  reasonable doubt on all the elements of the charged crimes; (2)   Petitioner's Sixth and
28

Fourteenth Amendment rights were violated because the judge and not the jury determined the facts supporting an aggravated sentence; (3) Petitioner's Sixth and Fourteenth Amendment rights were violated because the State failed to recognize the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) Petitioner's Sixth and Fourteenth Amendment rights were violated and he is entitled to re-sentencing due to the trial court's improper reliance on "phantom prior convictions" to support the aggravated sentence. *Petition*, pp. 5-8.

Respondents contend that Petitioner's petition is barred by the applicable statute of limitation, that the claims are procedurally barred, and that claims are substantively meritless.

## II.     LEGAL DISCUSSION

### A.     The petition is not timely under the AEDPA.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The habeas corpus petition must be filed within the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) which reads in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> \* \* \*
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A), (d)(1)(C) & (d)(1)(D). However, the time during which a properly filed application for state post-conviction relief is pending does not count toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Here, the petitioner's state conviction became final on April 11, 2002, the date upon which the time for seeking direct review expired. (Exhibit 3). Thus, unless saved by sections 2244(d)(1)(C) or (D) or by equitable tolling, the time for filing the instant petition expired by April 12, 2003. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA's 1-year limitation period commences the day after the conclusion of direct review or the expiration of the time for seeking such review).

Petitioner has not expressly claimed entitlement to any tolling of the limitations period. However, Petitioner claims relief is justified because a judge, rather than a jury, determined questions of fact necessary to support the imposition of an aggravated sentence and because "the State of Arizona did not follow or recognize *Apprendi*." *Petition*, p. 7. Construing these assertions as a claim of a "newly recognized" constitutional right, Petitioner could potentially be entitled to tolling pursuant to section 2244(d)(1)(C).

In *Apprendi,* the Supreme Court held that, with the exception of prior convictions, any fact which increases the maximum possible punishment for a crime must be decided by a jury and not a judge. 530 U.S. at 490. *Apprendi* was decided in June 2000, shortly after Petitioner was sentenced. Nevertheless, Petitioner did not raise his *Apprendi* claim on direct appeal. In fact, as Respondents point out, Petitioner had made no attempt to explain why he waited until July 2004, more than four years after the *Apprendi* decision and more than a year after the expiration of the April 12, 2003 deadline for filing a habeas petition, to seek PCR relief based on *Apprendi*. Nothing in section 2244(d)(1)(C) revives this plainly untimely claim.

Based on the record in general, and on the trial court's order denying Petitioner's untimely petition for post-conviction relief, Petitioner's claims can be construed as being founded on *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court

1  applied *Apprendi* to Washington's sentencing guideline system, and found it violated the
2  defendant's right to a jury because a judge determined questions of fact necessary to the
3  application of a sentencing enhancement. However, like *Apprendi* (but for different reasons),
4  the *Blakely* decision does not support an alternative date for the commencement of the
5  AEDPA statute of limitations. Although section 2244(d)(1)(C) provides that the limitations
6  period will commence on "the date on which the constitutional right asserted was initially
7  recognized by the Supreme Court," the statute also requires that such newly recognized right
8  must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. §
9  2244(d)(1)(C). It is well-established the *Blakely* does not apply retroactively to cases, like
10 Petitioner's, that was final before the decision was announced. *Schardt v. Payne*, 414 F.3d
11 1025 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to cases on collateral
12 review); *State v. Febles*, 115 P.3d 629, 635, 210 Ariz. 589, 595 (App. 2005) ("*Blakely* only
13 applies to cases not yet final when the opinion was issued.").

14 Accordingly, Petitioner is not entitled to any statutory tolling. Petitioner's habeas
15 petition was filed after the expiration of the limitations period.

**B.   The petition does not qualify for equitable tolling.**

17 The one exception to the running of the statute of limitations is equitable tolling under
18 28 U.S.C. § 2244(d)(1). *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Calderon
19 v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997). In order for
20 equitable tolling to apply, there must be "extraordinary circumstances" beyond the prisoner's
21 control that made it impossible to file a petition on time. *Frye*, 273 F.3d at 1146; *Beeler*, 128
22 F.3d. at 1288. Equitable tolling may be appropriate when external forces, rather than a
23 petitioner's lack of diligence, account for the failure to file a timely claim. *Lott v. Mueller*,
24 304 F.3d 918, 922 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.
25 1999)). The prisoner must show that the "extraordinary circumstances" were the but-for and
26 proximate cause of his untimeliness. *See Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001) (finding
27 that a prison transfer one month into the limitations period was not the but-for cause of

prisoner's untimely petition); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2000) (holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing").

The petitioner is required to use due diligence to discover any facts within the case which would give rise to a habeas corpus petition. 28 U.S.C. § 2244(d)(1)(D). A party seeking equitable tolling must have acted with reasonable diligence "throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2nd Cir. 2000); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("a garden variety claim of excusable neglect" does not support equitable tolling). Furthermore, a *pro se* petitioner's ignorance of the law generally does not excuse prompt filing. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Under these standards, equitable tolling is unavailable in most cases. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *Miles*, 187 F.3d at 1107.

Here, Petitioner has not offered any basis for equitable tolling and, after reviewing the exhibits provided by the parties, the Court has found no such basis. Because Petitioner filed his writ of habeas corpus over eight years after the statute of limitations set by AEDPA, and no extraordinary circumstances exist to qualify Petitioner for equitable tolling, the petition is untimely. Because this is plainly the case, the Court need not address Respondents' remaining defenses.

**III. RECOMMENDATION**

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review of the record, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed September 30, 2005 [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

1  However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-3014-PHX-NVW**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

**DATED this 17th day of August, 2007.**

/s/ Jacqueline Marshall
Jacqueline Marshall
United States Magistrate Judge